UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GEORGE BEITZEL and K.K., on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>XAVIER BECERRA, Secretary of Health and Human Services,<br><br>　　　　Defendant. | No. 2:23-cv-01932 WBS DB<br><br>ORDER RE: MOTION TO PROCEED WITH PARTIAL ANONYMITY |

----oo0oo----

Plaintiff K.K. has filed a Motion to Proceed with Partial Anonymity.  (Docket No. 4.)  Plaintiff K.K. requests that she be able to proceed by her initials in all public filings in this case because the filing "will contain sensitive and personal information about her rare and severe medical conditions that she has disclosed to very few people, as well as the mental distress and suffering she has experienced relating to her medical conditions and the events underlying this case."  (Docket No. 4

1

1 | at 1; 4-1 (K.K. decl.).)  Specifically, she does not want to
2 | disclose to the public her medical history of severe psoriasis,
3 | psoriatic arthritis, and arthritis mutilans, which would cause
4 | her "emotional distress, anxiety, embarrassment, and potential
5 | harassment."[1]  (Docket Nos. 4; 4-1 at ¶ 13.)  She notes that her
6 | identity has already been disclosed to defendant and she only
7 | wishes to remain anonymous to the general public.

8 |      Allowing a party to proceed anonymously runs counter to
9 | the public's right of access to judicial proceedings.  <u>Does I</u>
10 | <u>thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067 (9th
11 | Cir. 2000).  However, the Ninth Circuit has allowed parties to
12 | use pseudonyms "in the unusual case when nondisclosure of the
13 | party's identity is necessary to protect a person from
14 | harassment, injury, ridicule or personal embarrassment."  <u>Id.</u> at
15 | 1067-68 (cleaned up).  In determining whether to allow a party to
16 | proceed anonymously, the court looks to whether "the party's need
17 | for anonymity outweighs prejudice to the opposing party and the
18 | public's interest in knowing the party's identity."  <u>Id.</u> at 1068.

19 |      Here, there is no prejudice to the Secretary if K.K.
20 | uses only her initials in all public filings.  On the other hand,
21 | the court finds that there is little risk of harassment, injury,
22 | or ridicule to K.K. if she has to disclose her identity in court
23 | filings.  The court is sympathetic to K.K.'s claims that she will
24 | suffer embarrassment and mental distress if she is required to
25 | disclose her name and by extension her medical condition to the
26 | public.  However, the court finds that that risk is outweighed by

---

[1] Plaintiff K.K. also wishes to avoid disclosing details of her finances to the public.  (Docket No. 4-1 ¶¶ 12-13.)

the need for the public to know the identities of the named plaintiffs in this case.

The Ninth Circuit has noted that courts have allowed plaintiffs to use pseudonyms "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'" See Advanced Textile Corp., 214 F.3d at 1068 (citing James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); Doe v. United Services Life Ins. Co., 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual); Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym)).  The risk of stigmatization, harassment, or embarrassment here does not rise to the level presented in cases such as United Services Life Insurance Co., 123 F.R.D. at 439, and Deschamps, 64 F.R.D. at 653, given public sentiments at the time of those cases.

No doubt most litigants would prefer not to have their medical problems published in the public records.  However, that is a foreseeable consequence of bringing a lawsuit in which those conditions are relevant.  Allowing plaintiff to proceed anonymously here would open the door to allowing plaintiffs in many other cases in which their medical condition is in issue to do the same, precluding the public from fully understanding the facts and circumstances of their cases.  This action involves an important issue to the public -- whether the federal Medicare program should pay for allegedly critical outpatient medical treatments.  The public's understanding of this case is furthered by knowing which individuals are affected by Medicare's current

practices and how they are affected.

Accordingly, plaintiff K.K.'s motion to proceed with partial anonymity (Docket No. 4) is DENIED WITHOUT PREJUDICE. For the same reasons, plaintiff K.K's request to seal her unredacted declaration, which contains her signature (Docket No. 5), is also DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: January 11, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE